IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LLOYD M. THOMAS,

        Plaintiff,                No. 2:12-cv-2412 JFM P

    vs.

G. SWARTHOUT, et al.,

        Defendants.

_____/        ORDER

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        By order filed February 7, 2013, this court determined that plaintiff's complaint stated a cognizable claim for relief against four of the six defendants named therein and directed plaintiff to return within thirty days forms necessary for service of process on said defendants. On February 15, 2013, plaintiff filed a motion for extension of time to comply with the February 7, 2013 order.  On March 1, 2013, plaintiff timely submitted the documents required for service of process and requested to withdraw his motion for extension of time.  That request will be granted.

/////

On March 8, 2013, plaintiff a motion for leave to file an amended complaint together with a proposed first amended complaint. By the proposed amendment, plaintiff seeks to cure the defects in the first amended complaint in his allegations against defendant Dr. Wynn. Plaintiff is entitled to amend his complaint as of right. See Fed. R. Civ. P. 15(a). Plaintiff's motion to amend, while unnecessary, will therefore be granted. The court is still required to screen the proposed amended complaint. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964,

in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff claims that his rights under the Eighth Amendment were violated by defendants' failure to provide him with "boost nutritional drink" for more than twenty days after dental surgery that resulted in the removal of all but six of plaintiff's teeth, even though plaintiff had to wait five months for dentures.  The court found that plaintiff had failed to include any charging allegations against defendant Dr. Wynn in his original complaint and for that reason did not order service of process on said defendant.

The proposed amended complaint contains virtually identical allegations against defendants Glen Cheung, defendant Hu, defendant B. Quattlebaum, and defendant Swarthout as those set forth in the original complaint. The proposed amended complaint contains the following allegations against Dr. Wynn:

> Plaintiff approached def. dr. Wynn requesting a [sic] extension for "Boost" nutritional drink as instructed by def's Cheung and V. Hu, def. Dr. Wynn stated plaintiff's request was a dental issue.  request was denied.  Despite Def. Dr. Wynn's denial, unbeknownst to plaintiff, def. Dr. Wynn did extend plaintiff's "Boost" request, but failed to notify plaintiff.  It was only through accident that plaintiff later learned his request had been extended some couple weeks prior.  Plaintiff contends that to deny plaintiff and later secretly approve but fail to notify plaintiff is the same as denying.  Def. Dr. Wynn was deliberately indifferent to my serious medical and dental needs.

Proposed First Amended Complaint, filed March 8, 2013 (ECF No. 11) at 5-6.  In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or

'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  Plaintiff's allegations that Dr. Wynn initially denied his request for the boost nutritional drink but then prescribed it but failed to notify plaintiff are insufficient to state a cognizable claim for violation of plaintiff's rights under the Eighth Amendment.  For this reason, the court still will not order service of process on defendant Wynn.

The amended complaint states a cognizable claim for relief against the remaining named defendants pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's February 15, 2013 motion for extension of time (ECF No. 8) is withdrawn;

2. Plaintiff's March 8, 2013 motion for leave to amend (ECF No. 12) is granted;

3. Service of the first amended complaint is appropriate for the following defendants:  G. Swarthout; V. Hue; G. Cheung; and B. Quattlebaum; and

4. Plaintiff need not attempt service on defendants and need not request waiver of service.  The court will by order issued concurrently direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Dated:  May 7, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

12
thom2412.1amd