UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD M. THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>G. SWARTHOUT, et al.,<br><br>    Defendants. | No. 2:12-cv-2412-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendants Cheung, Hue, Quattlebaum, and Swarthout moved for summary judgment. ECF No. 30. Plaintiff opposes the motion and requests that he be permitted additional discovery under Federal Rule of Civil Procedure 56(d). ECF Nos. 34, 36. Further, two additional defendants (Austin and Hickerson) have been served since the original scheduling order issued in this case, and those defendants have now answered the complaint. ECF Nos. 53, 54. For the reasons that follow, the court will grant plaintiff's request for additional discovery and defer ruling on the pending motion for summary judgment pursuant to Rule 56(d). Further, the court will issue a revised scheduling order that takes into account the newly-appearing defendants.

**I.    Background**

Plaintiff's complaint alleges that the acts, policies, or failures to act of defendants deprived him of necessary soft or liquid nutrition after the extraction of several of his teeth. ECF No. 27 at 6-9. While current motions were pending, plaintiff was granted leave to amend the

1

complaint and asserted cognizable claims against additional defendants Austin and Hickerson. ECF No. 40. With the addition of those parties, the court must re-schedule the case regardless of the pending motions so that discovery and any pretrial motions can be pursued as to claims related to those new parties. Further, in light of plaintiff's request for additional time to conduct discovery relating to the pending summary judgment motion, the court will reschedule that motion so that any additional dispositive motions may be considered together with the current motion.

## II.     Plaintiff's Rule 56(d) Motion

Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P 56(d). Plaintiff requests a discovery order compelling defendant to provide responses to certain of plaintiff's requests for production of documents (RFPs) as well as responses to additional discovery requests. Defendants have filed no opposition to the motion.[1] The court grants the request and orders additional discovery as provided below.

First, plaintiff complains that defendants failed to respond to his RFPs numbered 4, 9, 13, 18, 19, and 21 or provided something other than what he asked for. RFP No. 4 sought "[a]ny and all memo's, policies, directives, E-mails or instructions to either defendants or dental department staff concerning warnings and/or limitations on the issuance of Boost liquid nutritional drinks and other 'Post Surgical' 'Soft Food' diets." ECF No. 36 at 17. Defendants advanced a number of objections but, notwithstanding those objections, produced what they represent to be "all

---

[1] The time for seeking to compel responses to discovery has long passed, and plaintiff did not file a motion to compel further responses during that time. *See* ECF No. 25 at 5 (motions to compel shall to be filed on or before December 20, 2013). Nevertheless, in light of the need to modify the scheduling order anyway, the absence of opposition from the defense, and the lack of any prejudice to the defendants, the schedule is hereby modified to address the motion.

responsive documents in their possession, custody, or control." *Id.* Plaintiff has not explained why that response was inadequate. His request for an additional response is therefore denied.

RFP No. 9 sought "[a]ny and all notes, memo's, or documentations issued from the DARC pertaining to the issuance of 'Post Surgical' 'Soft Food' diets and the extended allowance of prescribing Boost Nutritional drinks for long periods of time." *Id.* at 18. Defendants responded that they have no responsive documents. *Id.* Plaintiff has not explained why that response was inadequate, and his request for an additional response is therefore denied.

RFP No. 13 requested "[t]he number of and case citation of any and all lawsuits both state and federal against the Dental dept at CSP-Solano." *Id.* at 19. Defendants objected that the RFP sought the creation of a document rather than a request for existing documents. *Id.* It is true that the request should have been put forth in an interrogatory, *see* Fed. R. Civ. P. 33, but is nonetheless apparent what information plaintiff, who is proceeding pro se, is requesting. The request is therefore construed as an interrogatory. The court does not know whether plaintiff has used his 25 interrogatories, *id.,* but if so, the court grants leave to pursue this request as an additional interrogatory and orders defendants to respond.

RFP No. 18 stated, "List the job description duties of each named defendant." ECF No. 36 at 20. Defendants responded again that the RFP sought the creation of a document. *Id.* at 20-21. As with RFP No. 13, the court orders that defendants treat this RFP as an interrogatory and respond accordingly.

RFP No. 19 sought "[p]olicy, document, or directive that outlines the duties or places the responsibility for 'Post Surgical' 'Soft Food' diets other than § 5.12 of the Dental Service Program Policies & Procedures." *Id.* at 21. Defendants produced documents in response, and plaintiff has not explained why that response was inadequate. Accordingly, his request for an additional response is denied.

RFP No. 21 stated, "Provide the names and job titles of each member of the Division of Correctional Health Care Services Dental Program Sub committee, as well as the facilities Facility Dental Program Subcommittee (DPS & FDPS)." *Id.* Defendants objected that the

/////

request sought the creation of a document. *Id.* As with RFP No. 13, the court orders that defendants treat this RFP as an interrogatory and respond.

Plaintiff's motion also sets forth 11 new discovery requests along with detailed justifications for each request. *Id.* at 4-11. While framed as RFPs, some of these additional requests also simply seek information and should therefore be treated as interrogatories. Defendants have filed no opposition to these requests and the court orders that defendants respond to them.

**III.     Modified Schedule and Deferral of Pending Motion for Summary Judgment**

Because the court has concluded that plaintiff's Rule 56(d) motion must be granted, the court will defer ruling on the pending motion for summary judgment until such time as the additional discovery is complete, according to the timeline provided in the order below. Additionally, in light of the appearance of new defendants Austin and Hickerson, the court issues the following revised schedule:

The parties may conduct discovery pursuant to Federal Rules of Civil Procedure 26 through 37. Defendants may depose any incarcerated or imprisoned witness, including plaintiff, upon giving the notice required by Federal Rule of Civil Procedure 30(b)(1) at least 14 days before such deposition.

If the parties have any discovery disputes, they must comply with all pertinent rules, including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Local Rules 110, 130, 131, 134-35, 142, and 230(*l*). Unless otherwise ordered, Local Rule 251 shall not apply. Filing a discovery motion that does not comply with the rules may result in imposition of sanctions, including but not limited to denial of the motion.

Should this case proceed to trial, the court will, by subsequent order, require the parties to file pretrial statements. In addition to the matters required to be addressed in the pretrial statement in accordance with Local Rule 281, plaintiff will be required to make a particularized showing in the pretrial statement in order to obtain the attendance of witnesses at trial. Plaintiff is hereby informed that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in the pretrial statement.

At trial, plaintiff must be prepared to introduce evidence to prove each of the alleged facts in support of his claims. Trial evidence generally takes the form of: (a) exhibits; and (b) witness testimony. The following procedures apply for calling witnesses:

I. <u>Obtaining Attendance of an Incarcerated Witness Who Intends to Testify Voluntarily</u>

A witness who is willing to testify without the compulsion of a subpoena, but who is imprisoned or incarcerated, cannot appear to testify without a court order directing the custodian to produce him at the time of trial. The court will issue such an order only upon a showing that the witness has agreed to testify voluntarily and has actual knowledge of relevant facts.

Therefore, a party intending to introduce testimony from such a witness must file with his pretrial statement a motion for an order directing the witness's custodian to produce the witness for trial. The motion must:

1. Identify the witness by name, California Department of Corrections and Rehabilitation number, and address;

2. Include affidavits showing that the witness intends to testify voluntarily. This intention can be shown as follows:

   a. The party can swear by affidavit that the witness has communicated to him an intention to testify voluntarily. The affidavit must include a statement of when and where the prospective witness informed the party of this willingness; or

   b. The witness can swear by affidavit that he is willing to testify without the compulsion of subpoena.

3. Include affidavits showing each witness has actual knowledge of relevant facts. The witness's knowledge can be shown as follows:

   a. The party can swear that he knows the witness saw or heard relevant facts. For example, if something occurred in plaintiff's cell and plaintiff saw that a cell-mate was present and observed the

          incident, then plaintiff may swear to the cell-mate's ability to testify; or,

        b.    The witness can swear to the relevant facts he observed. Any such affidavit must describe the incident, state when it occurred, where it occurred, who was present, and how the witness was in a position to see or to hear what occurred.

    II.    <u>Obtaining Attendance of an Incarcerated Witness Who Refuses to Testify Voluntarily</u>

If a party seeks to present testimony of an imprisoned or incarcerated witness who does not intend to testify voluntarily, the party must with his pretrial statement file a motion for an order directing that witness to appear. Such a motion must comply with the requirements explained above but the movant must demonstrate that any such witness does not intend to testify voluntarily.

    III.    <u>Obtaining Attendance of an Unincarcerated Witness Who Agrees to Testify Voluntarily</u>

A party need not obtain an order to produce an unincarcerated witness who intends to testify voluntarily. However, the party is responsible for ensuring attendance of such a witness.

    IV.    <u>Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

To obtain the presence of a witness who is at liberty and who refuses to testify voluntarily, the party who intends to present that witness's testimony, and who proceeds in forma pauperis, must complete and submit to the United States Marshal a subpoena for service upon the witness. Blank subpoena forms may be obtained from the Clerk of the Court. Along with a completed subpoena, the party must also submit a copy of the court's order granting that party in forma pauperis status. Additionally, the party must tender a money order payable to the witness in the amount of the daily witness fee, $40.00, plus the witness's travel expenses. The party must also notify the court that these materials have been submitted to the United States Marshal not earlier than four weeks and not later than two weeks before trial. A subpoena will not be served

by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by the materials listed above. No statute authorizes the use of public funds for expenses in civil cases and so even a plaintiff proceeding in forma pauperis must tender any witness fees and travel expenses.

### IV. Order

Good cause appearing, it is HEREBY ORDERED that:

1. Plaintiff's Rule 56(d) motion for additional discovery (ECF No. 36) is granted. Defendants shall provide the additional discovery noted in this order on or before March 30, 2015. Any further motions to compel with regard to those responses must be filed on or before April 30, 2015.

2. The parties may conduct discovery until April 30, 2015. Any motions to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served no later than March 30, 2015.

3. Dispositive motions shall be filed on or before August 3, 2015. Motions shall be briefed in accordance with paragraph 8 of the order filed July 31, 2014.

4. Ruling on the currently-pending motion for summary judgment (ECF No. 30) is deferred pending the completion of the additional discovery provided for in this order. The Clerk shall terminate docket entry 30. Absent any request otherwise, the motion will stand submitted as of August 31, 2015 so that all summary judgment motions may be resolved together.

5. Plaintiff shall file a revised opposition to the pending motion for summary judgment (ECF No. 30) by August 24, 2015. Such revised opposition must be complete in itself and without reference to plaintiff's currently-filed opposition brief (ECF No. 34). Defendants may reply to the revised opposition by August 31, 2015.

/////
/////
/////
/////

6. The court will schedule any further pretrial proceedings, if necessary, upon the resolution of pretrial dispositive motions. Requests to modify this schedule will be looked upon with disfavor and must be supported by good cause pursuant to Fed. R. Civ. P. 16(b).

Dated: February 11, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8