UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD M. THOMAS, | No. 2:12-cv-2412-EFB P |
| Plaintiff, | |
| v. | ORDER |
| G. SWARTHOUT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a motion to compel (1) further responses to the discovery requests at issue in the court's February 12, 2015 order, and (2) further responses to the discovery requests that plaintiff served on March 8, 2015.[1]  ECF Nos. 59, 60. Defendants oppose the motion, and plaintiff has filed a reply. ECF Nos. 64, 66. As discussed below, plaintiff's motion is granted in part.

**I.     Discovery At Issue in the February 12, 2015 Order**

On February 12, 2015, the court issued a revised discovery and scheduling order and granted plaintiff's Rule 56(d) request for additional discovery.[2]  ECF No. 55. It ordered

---

[1] In his motion, plaintiff claimed to have served these request on March 6, 2015. In his reply, he notes that March 8 is the actual date of service. ECF No. 66 at 4.

[2] The court issued a revised discovery and scheduling order to accommodate defendants Austin and Hickerson, who did not appear in this action until over a year after the original discovery and scheduling order issued.  See ECF Nos. 25, 53, 54, 55.

1

1  defendants to provide the additional discovery on or before March 30, 2015 and required that any
2  motions to compel be filed on or before April 30, 2015. *Id.*  Defendants timely served plaintiff
3  with the additional discovery on March 30, 2015. ECF No. 59 at 157-207; *see also* ECF No. 66
4  at 4. Despite having approximately thirty days within which to review defendants' responses and
5  file an appropriate motion, plaintiff did not file the instant motion until May 6, 2015. Thus,
6  plaintiff's motion is untimely under the revised discovery and scheduling order.

7  A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P.
8  16(b). Good cause exists when the moving party demonstrates that he cannot meet the deadline
9  despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th
10 Cir. 1992). Plaintiff claims that he filed a request for an extension of time on April 28, 2015.
11 ECF No. 59 at 2. However, that request, attached as an exhibit to plaintiff's motion, was never
12 filed with the court. *See* ECF No. 59 at 146-49. Regardless, neither the request nor the instant
13 motion explains why plaintiff could not have timely filed a motion to compel with regard to
14 defendants' March 30, 2015 discovery responses. Plaintiff has not demonstrated good cause for
15 modification of the schedule. As such, this portion of plaintiff's motion to compel is denied as
16 untimely.[3]

17 **II.     Discovery Requests Served On March 8, 2015**

18 Plaintiff also seeks to compel further responses to discovery requests he served on
19 defendants Austin and Hickerson on March 8, 2015. Pursuant to the Federal Rules of Civil
20 Procedure and the revised discovery and scheduling order, defendants' responses were due within
21 thirty days of service, on April 7, 2015. *See* ECF No. 55 at 4 ("The parties may conduct
22 discovery pursuant to Federal Rules of Civil Procedure 26 through 37."); Fed. R. Civ. P. 33(b)(2),

---

[3] The court will, however, address plaintiff's concern that the court "inadvertently" failed to address RFP No. 23 in its February 12, 2015 order. ECF No. 59 at 2. Indeed, the court inadvertently omitted reference to RFP No. 23 when discussing RFP Nos. 4 and 9. *See* ECF Nos. 55 at 2-3. The court denied plaintiff's motion as to RFP Nos. 4 and 9 because defendants responded that they had no responsive documents and plaintiff had not explained why that response was inadequate. The same reasoning applies to RFP No. 23. Defendants responded that they had no responsive documents and plaintiff did not explain why that response was inadequate. ECF No. 36 at 22. Accordingly, plaintiff's request for an additional response to RFP No. 23 is denied.

2

34(b)(2)(A), 36(a)(3).[4] Defendants did not serve their responses until April 24, 2015 and plaintiff did not actually receive the responses until April 28, 2015. ECF No. 59 at 2. Defendants' tardy responses left plaintiff with only 48 hours within which to review them and prepare an appropriate and timely motion. Plaintiff proceeded with diligence by filing the instant motion within ten days of receiving defendants' untimely responses. Accordingly, the court finds good cause to modify the revised discovery and scheduling order for the purpose of resolving this portion of plaintiff's motion to compel.

Plaintiff moves to compel further responses to specific interrogatories, requests for production (RFPs), and requests for admissions (RFAs) served on defendants Austin and Hickerson.[5] First, plaintiff complains that the defendants' objections to RFP No. 5 lack merit. RFP No. 5 stated:

> Dr. Win prescribed 1 can of liquid boost 3x daily for 90 days on February 17, 2012. Please provide the written documents or request which gave Dr. Win cause to order the prescription. (This request does not seek a copy of the order, but rather the document causing the order).

/////

---

[4] Defendants Austin and Hickerson erroneously contend that their responses were timely, pointing to the September 10, 2013 discovery and scheduling order, which was issued before they were even named as defendants in this action. ECF No. 64 at 3; *see also* ECF No. 25, ¶ 2. The revised discovery and scheduling order, which controls here, required that their responses be served within thirty days.

[5] Defendants' objection to plaintiff's motion on the ground that he failed to meet and confer in accordance with Rule 37 lacks merit. ECF No. 64 at 1. The revised discovery and scheduling order provides that that the meet and confer obligations outlined in Local Rule 251 do not apply to this action. ECF No. 55 at 4. Moreover, Rule 1 of the Federal Rules of Civil Procedure provides that the rules (including Rule 37) "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." "This rule serves as a basis for the formulation of L.R. 251, as well as for exempting the parties from that local rule (and hence also Rule 37) in cases where prisoners proceed pro se." *Harpool v. Beyer*, No. 10-cv-1253-MCE-GGH, 2011 U.S. Dist. LEXIS 123323, at *9 (E.D. Cal. Oct. 25, 2011). In seeking ex parte extensions of time, defense counsel has repeatedly averred that plaintiff is "not reasonably available to stipulate to [the] request" because of his incarceration. ECF No. 51, ¶ 8; ECF No. 62, ¶ 3. It is precisely for this reason that the court declines to apply Local Rule 251 to prisoner pro se cases. *See Harpool*, 2011 U.S. Dist. LEXIS 123323, at *9-10 ("Required meet and confers in the pro se prisoner litigation context would seem to be unjust, tardy and expensive.").

Defendants objected because the request appeared to seek documents that Dr. Win relied upon when writing a prescription. Defendants explained that they do not know which documents Dr. Win relied upon, and because they are not trained dental professionals, they cannot speculate as to which documents, if any, Dr. Win relied upon. In his motion, plaintiff clarifies that he is seeking documents that contain plaintiff's request (or CDCR form 7362) for a Boost liquid nutritional drink. So clarified, defendants shall respond accordingly.

Second, plaintiff complains about defendant Austin's responses to interrogatories 9 and 12. Interrogatory 9 asked if there was "any policy, directive, or any other directive instructing dentists to require inmates to seek prescription renewals and extension pertaining to liquid nutritional supplements from I/M's primary medical physician." In response, defendant Austin stated that "CDCR limited the length of time for which a dentist could prescribe liquid nutritional supplements and that prescriptions for longer periods of time had to be prescribed by a physician or physician's assistant." Plaintiff infers from defendant Austin's response that "a documented policy exists" and moves to compel Austin to produce that document. Construed as an RFP, defendant shall respond accordingly.

Interrogatory 12 asked, "Why are the weights of inmates not regularly taken as part of dental triage as is the case with medical triage?" Defendant Austin objected to this interrogatory on the grounds that it is vague and ambiguous as to "weights," "regularly," "dental triage," and "medical triage." Defendant further objected to the interrogatory on the ground that it calls for speculation because defendant is neither a licensed physician nor a dentist. The terms used in plaintiff's request can be understood with reasonable certainty and are not vague and ambiguous. In his motion, plaintiff assists defendant in understanding these "vague and ambiguous" terms, by stating that he simply wants to know why inmates are not weighed during intake by the dental assistant. If defendant Austin does not know the answer or if answering would require her to speculate, she may so state in her response.

Third, plaintiff complains about defendant Austin's responses to RFAs 1, 6, 7, 8, 9. RFA No. 1 asked Austin to admit she was the "CEO of Dental Services on 3-23-12." Austin has informed plaintiff that on March 23, 2012, she held the position of Chief Executive Officer of

4

1   Health Care Services at California State Prison, Solano.  There is no apparent basis to compel a
2   further response to this RFA.
3       RFAs Nos. 6 and 7 ask defendant Austin to admit the definitions of "medically necessary"
4   and "severe pain," provided in Section 3350(1) and 3350(4), respectively, of the California Code
5   of Regulations, Title 15.  Defendant initially objected to these requests but has since served
6   amended responses.  The amended responses object to the requests because they purport to quote
7   from documents that speak for themselves and because the language quoted is either inaccurate or
8   incomplete.  Defendant's objections are sustained.
9       RFA No. 8 asked Austin to "[a]dmit that chewing while eating, and eating as well are
10  reasonable independent functions."  Defendant Austin objected to the request on the grounds that
11  "it calls for speculation and is vague and ambiguous as to 'reasonable independent functions.'"
12  Defendant also responded that she cannot admit or deny the request because she is not a licensed
13  medical or dental professional qualified to make the requested conclusion.  Defendant's objection
14  that she cannot reasonably respond to this request is sustained.
15      RFA No. 9 asked Austin to "[a]dmit that the taking of an inmates weight during dental
16  triage is not part of dental procedures."  Defendant Austin objected to the request as calling for
17  speculation, vague and ambiguous as to "dental triage" and "dental procedures," and overbroad as
18  to time.  Like RFP No. 12, the terms used in this request can be understood with reasonable
19  certainty, and if limited in scope to the timeframe at issue in this case, is not overbroad.
20  Accordingly, Austin must provide a response.  If she does not know the answer or if answering
21  would require her to speculate, she may so state in her response.
22      Lastly, plaintiff complains that defendant Hickerson failed to provide an adequate
23  response to RFA No. 3.  RFA No. 3 asked Hickerson to admit that he "stand[s] by the claim made
24  by S. Dawson" that "CDCR prohibits the prescribing of outpatient therapeutic diets."  Hickerson
25  responded that CDCR "does not currently prohibit outpatient therapeutic diets for specific
26  medical conditions."  Plaintiff fails to show how or why this response is inadequate.  Plaintiff's
27  dissatisfaction with the answer provided is not a sufficient basis on which to seek a motion to
28  /////

5

compel. If plaintiff has evidence to impeach this response, he may do so, if appropriate, in opposing any dispositive motion or at trial.

### III. Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF Nos. 59, 60) is denied in part and granted in part. Defendants shall provide further responses as noted in this order on or before October 13, 2015.  Any further motions to compel with regard to those responses must be filed on or before November 17, 2015.
2. In light of this order, plaintiff may file revised oppositions to the March 7, 2014 and August 3, 2015 motions for summary judgment (ECF Nos. 30, 69) no later than December 21, 2015.  Defendants may file their replies by January 8, 2016.

Dated:  September 10, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE